WARREN FUSSELL v. THE STATE.

No. 771.    Decided November 2, 1910.

**Local Option—Sufficiency of the Evidence—Sale.**

Where, upon trial of a violation of the local option law, there was ample evidence showing an illegal sale, and the question was one of fact for the jury the conviction will not be disturbed.

Appeal from the County Court of Shelby. Tried below before the Hon. W. D. White.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This is an appeal from a conviction had in the County Court of Shelby County, on January 13 of this year, convicting appellant of violation in said county of the local option law.

Alex Paxton, who was produced by the State, testified that he knew appellant, and at the date of the commission of the offense

had known him some six months; that appellant was engaged in the restaurant business in Tenaha, Texas; that he had often taken his meals with him at said restaurant; that on or about the 28th day of August, 1909, he went into the restaurant and on back into the kitchen, and told the defendant that he wanted another bottle of whisky, and laid seventy-five cents down on a table that was in the rear end of the kitchen, and looked out at the back of the kitchen, and was looking out there when he heard the defendant's icebox open and close, and in a minute or so he turned around and picked up a pint of whisky from about where he had put the money down, and walked out with it. He says that he did not see appellant put the whisky on the table, but it was not on the table when he put his money down, and that there was no one else in the kitchen except himself and appellant when the transaction occurred. This witness, on cross-examination, admitted that he had been indicted in a dozen or more cases, and as he says, "for nearly every little old thing." He denied that he gave appellant any money or got any whisky from him except as stated in his direct examination. Appellant took the stand in his own behalf, and stated that on the day in question he was engaged in the restaurant business, and the witness Paxton had on that day come to his restaurant and asked him for some whisky; that he told him there was none in his restaurant unless one Eli Powdrill had some; that he, Powdrill, had a few times put some whisky in the back room of the restaurant; that Paxton stayed around a few minutes and disappeared; that he was busy at the time and did not notice which way he went or where he went to; that he thought no more about the matter until three or four days later when Paxton came back to him, and asked him if he had got seventy-five cents under a cup on the table, and he informed him he had not, and he, Paxton, said: "Well, I left it there under the cup in the back room when I got the whisky." Appellant said to him that he had not got any whisky from him, but that he had got Eli Powdrill's whisky. Appellant further testifies that he did not have any whisky on that day anywhere, and did not sell or offer to sell Paxton any whisky at any time or place. This is the testimony.

On this issue the court gave a charge that at least was unexcepted to in this record, and was not complained of either in motion for new trial, by bill of exceptions or otherwise. The only ground of the motion is that the verdict of the jury is contrary to the law and the evidence. It must seem clear from the above statement that there was ample evidence, if believed, showing a sale. This made the question one essentially of fact which the jury has solved adversely to appellant, and under the circumstances we would be utterly without excuse to reverse the judgment on this ground.

It follows therefore that the judgment must be affirmed, as is now done.

*Affirmed.*